KRISTEN GREENE ET AL. *v.* DOREEN ORSINI ET AL.

Superior Court, Judicial District of New London
File No. CV-06-5100265S

Memorandum filed March 15, 2007

*O'Brien & Simones, LLC,* for the plaintiffs.

*Conway & Londregan, P.C.,* for the defendants.

DEVINE, J. The named plaintiff, Kristen Greene, and coplaintiffs Sean Greene and Orsini's Sausages and Deli, LLC, commenced this action on March 18, 2006, against the named defendant, Doreen Orsini, and codefendants Carl Orsini, Cardoro's, Inc., and Orsini's Sausages Wholesale and Retail. In their revised complaint filed

August 22, 2006, the plaintiffs allege the following facts. On February 11, 2003, for consideration of $185,000, the defendants sold to the plaintiffs the property of the business, along with the trade name "Orsini's Sausages," the business logo, and the defendants' interest in the commercial lease of the premises. The plaintiffs also agreed to purchase sausages from the defendants exclusively for two years. On June 19, 2003, the defendants agreed not to compete with the plaintiffs' deli, sausage and bakery business within the geographic scope of twenty-five miles for a period of ten years.

The plaintiffs further claim that the defendants violated the noncompetition agreement on numerous occasions. The plaintiffs acknowledge that they ceased purchasing the defendants' sausages on December 13, 2005, when the plaintiffs began making their own sausages. The plaintiffs' three count complaint alleges a violation of the noncompetition agreement in count one. Count two alleges that the defendants intentionally breached the purchase and sale and noncompetition agreements. Count three alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq..

On August 31, 2006, the defendants filed a motion to strike the third count on the ground that a breach of contract does not violate CUTPA absent allegations of substantial aggravating circumstances. In their supporting memorandum of law, the defendants argue that a breach of a contract, even an intentional breach, does not amount to a CUTPA violation, unless the claimant shows substantial aggravating circumstances. The defendants argue that because the plaintiffs do not allege fraud, bad faith or other aggravating circumstances at the time the noncompetition agreement was executed, the plaintiffs' third count does not sufficiently allege a CUTPA violation.

On September 11, 2006, the plaintiffs filed a memorandum of law in opposition to the motion to strike in which they argue that the revised complaint sufficiently alleges a CUTPA violation under the "cigarette rule." The plaintiffs argue that the allegations of multiple breaches of the noncompetition agreement and misrepresentations in the course of dealing satisfies any of the three prongs of the cigarette rule.

On October 23, 2006, the court, *Hon. D. Michael Hurley*, judge trial referee, denied the defendants' motion to strike. On November 3, 2006, the defendants filed a motion to reargue, which the court, *Hon. D. Michael Hurley*, judge trial referee, granted on December 18, 2006. The plaintiff reclaimed the motion to strike on January 18, 2007, and the court heard the matter at short calendar on February 5, 2007.

I

## DISCUSSION

General Statutes § 42-110b (a) provides that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all

three." (Internal quotation marks omitted.) *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 154–55, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006).

The same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. *Lester* v. *Resort Camplands International, Inc.*, 27 Conn. App. 59, 71, 605 A.2d 550 (1992). Not every contractual breach rises to the level of a CUTPA violation. *Hudson United Bank* v. *Cinnamon Ridge Corp.*, 81 Conn. App. 557, 571, 845 A.2d 417 (2004). "There is a split of authority in Superior Court decisions regarding what is necessary to establish a CUTPA claim for breach of contract, the majority of courts holding that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA in the absence of substantial aggravating circumstances." (Internal quotation marks omitted.) *Zelencich* v. *American Yacht Services*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-02-0187145 (July 31, 2006) *(Jennings, J.)*.

A simple breach of contract does not offend traditional notions of fairness and, standing alone, does not offend public policy so as to invoke CUTPA. A CUTPA claim lies where the facts alleged support a claim for more than a mere breach of contract. Depending upon the nature of the assertions, however, the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. *Lester* v. *Resort Camplands International, Inc.*, supra, 27 Conn. App. 71. That generally is so when the aggravating factors present constitute more than a failure to deliver on a promise. *Tienshan, Inc.* v. *George*, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. X01-CV-04-4006907 (July 28, 2006) *(Sheedy, J.)*.

In *Cadle Co.* v. *Multi Unit Services, Inc.*, Superior Court, judicial district of Fairfield, Docket No. 03-393187 (May 12, 2003) (*Levin, J.*), the plaintiff alleged that the defendant continually breached the contract by repeatedly overcharging the plaintiff for the services the defendant had agreed to perform. The plaintiff brought a CUTPA claim, which the defendant moved to strike. Id. The court held that "our Supreme Court has stated that whether an act violates CUTPA depends on whether it satisfies the cigarette rule. . . . It does not depend on whether the act may be characterized as a 'simple breach of contract'. . . . Moreover . . . the plaintiff in . . . the present action alleges multiple breaches. Cumulatively, these breaches may be characterized as an aggravating circumstance." Id.; see also *Ameripride Services, Inc.* v. *U.S. Food Services, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-04-0835453 (June 7, 2006) (*Tanzer, J.*) ("[m]ultiple breaches of contract may also raise a breach of contract claim to the level of a CUTPA violation").

In paragraphs ten through fifteen of the revised complaint, the plaintiffs allege that the defendants breached the noncompetition agreement on several occasions despite the plaintiffs' repeated complaints. These multiple breaches, if proven, could satisfy the third prong of the cigarette rule, causing substantial injury to a competing business. Accordingly, the plaintiffs have sufficiently alleged a CUTPA violation through multiple breaches of the noncompetition agreement.

The plaintiffs further contend that the defendants misrepresented their intentions as evidenced by their conduct. A misrepresentation can constitute an aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; it would, in effect, be a deceptive act. *LESMSD, LLC* v. *R & J Properties, LLC*, Superior Court, judicial dis-

trict of Waterbury, Docket No. CV-03-0177537 (November 22, 2005) *(Gallagher, J.).*

In the revised complaint, the plaintiffs allege that the defendants were selling sausages to a competitor in New London. The plaintiffs allege further that after they complained, the defendants agreed not to sell sausages to competitors in New London. Less than one month later, however, the defendants sold sausages to other stores in New London and subsequently sold sausages to the same competitor that the plaintiffs first complained about. If proven, these allegations demonstrate that the defendants misrepresented their intentions by failing to honor their side of the noncompetition agreement, which violates CUTPA under the second prong of the cigarette rule. The court concludes that the plaintiffs have sufficiently alleged a CUTPA violation through the actions or misrepresentations as set forth in the pleadings.

## II

## CONCLUSION

The defendants' motion to strike the third count of the plaintiffs' revised complaint is hereby denied.