*15-426-cv*
*Laura Piao v. William Smith and Jennings Smith Investigations, Inc.,*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of March, two thousand seventeen.**

PRESENT: JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
      *Circuit Judges.*
    WILLIAM K. SESSIONS III,
      *Judge.*[*]

-------------------------------------------------

LAURA PIAO,

    *Plaintiff-Appellant,*        15-426-cv

    v.

WILLIAM SMITH AND JENNINGS SMITH
INVESTIGATIONS, INC.,

    *Defendants-Appellees.*

-------------------------------------------------

**FOR PLAINTIFF--APPELLANT:**    BRITTANY B. PAZ (Norman A. Pattis *on the brief*), Pattis & Smith, LLC, New Haven, CT.

-------------------------------------------------

[*] Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**  DANIEL J. KRISCH, (Stephen P. Fogerty *on the brief*), Halloran & Sage LLP, Hartford, CT.

Appeal from the judgment of the United States District Court for the District of Connecticut (Holly B. Fitzsimmons, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Laura Piao appeals the December 23, 2014 judgment of the district court, granting a motion for judgment as a matter of law in favor of the defendants, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.[1] On appeal, Piao argues that the district court erred in entering judgment as a matter of law that no reasonable jury could have found that William Smith and Jennings Smith Investigations, Inc. (jointly, the "defendants") engaged in unfair or deceptive conduct or caused the plaintiff an ascertainable loss in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). *See* Conn. Gen. Stat. § 42-110b(a).

For the reasons set forth in the district court's thorough opinion, we find these arguments to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

\*\*\*

We review *de novo* a district court's dismissal pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. "Rule 50 allows a district court to grant a motion for judgment as a matter of law in favor of the defendant if, at the close of the plaintiff's case, a reasonable jury would not have a legally sufficient basis to find for the plaintiff on an issue essential to her claim." *Legg v. Ulster Cty.*, 820 F.3d 67, 72 (2d Cir. 2016). "When evaluating a motion under Rule 50, courts are required to 'consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in its favor from the evidence.'" *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014) (citation omitted); *accord Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Judgment as a matter of law "should be granted cautiously and sparingly . . . ." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). "The court cannot assess the weight of conflicting evidence,

---

[1] At trial, Piao brought four claims: breach of contract, breach of the implied covenant of good faith and fair dealing, violation of CUTPA, and negligent infliction of emotional distress. The defendants countersued for breach of contract, libel, and intentional and negligent infliction of emotional distress. The trial court granted judgment as a matter of law on the CUTPA claim, and the other claims were submitted to the jury. *See* App'x 1088-93. The jury found for Piao on the breach of implied covenant of good faith and fair dealing claim, and rejected the defendants' counterclaims. *See* App'x 1146-49. Piao was awarded $8,250 in compensatory damages. *See* App'x 1149.

pass on the credibility of the witnesses, or substitute its judgment for that of the jury, and must disregard all evidence favorable to the moving party that the jury is not required to believe." *ING Glob.*, 757 F.3d at 97 (internal quotation marks omitted)

***

The CUTPA prohibits any person from engaging in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. §42-110b(a). To establish a CUTPA violation, a plaintiff "must prove that (1) the defendant engaged in unfair or deceptive acts or practices in the conduct of any trade or commerce; and (2) [he or she] has suffered an ascertainable loss of money or property as a result of the defendant's acts or practices." *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, 287 Conn. 208, 217-18 (2008) (citations and internal quotations omitted). Upon independent review of the record, we find that the district court appropriately granted judgment to the defendants as a matter of law on the CUTPA claim.

Piao does not provide specific allegations of "unfair or deceptive" conduct sufficient to establish a CUTPA violation. "[A] 'claimant's evidence must establish that the conduct at issue falls within one of three criteria … (1) offends public policy, (2) is immoral, unethical, oppressive or unscrupulous or (3) causes substantial injury to consumers, competitors or other businessmen.'" *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 2012 WL 1078011 at *11 (D. Conn. Mar. 30, 2012) (quoting *Johnson Elec. Co v. Salce Contracting Assocs.*, 72 Conn. App. 342, 356 (2002)). None of the alleged conduct meets these criteria.

For example, Piao claims that the defendants' false billing practices were deceptive and "immoral, unethical, oppressive or unscrupulous." Yet, the trial evidence was insufficient to show false billing invoices and the parties' written contract explicitly said that the retainer was non-refundable. Failure to credit the retainer and "excessive rounding up" of telephone bills resulting in an extra $270 charge to the plaintiff (out of the $13,550 total bill) is not a "substantial injury." *See Web Press Srvs Corp. v. New London Motors, Inc.*, 205 Conn. 479, 484 (1987) (finding plaintiff could not "satisfy the first test of the substantial injury" factor by reason of a defect of $300 or 3.7 percent of the cost of the vehicle); *see also Gaynor v. Hi-Tech Homes*, 149 Conn. App. 267, 279-80 (2014).

Similarly, Piao argues that the Jennings Smith Investigations, Inc. website was deceptive because it would lead a reasonable person to believe that it had a management team consisting of nationally-recognized employees—when, in reality, at most these individuals were independent contractors. Not only did the trial evidence show that the website never claimed that members of the management team of "employees," it also established that Mr. Smith never represented to Piao that the firm had national offices. Not "every misrepresentation rises to the level of a CUTPA violation. There must be some nexus with a public interest, some violation of a concept of what is fair, some immoral, unethical, oppressive or unscrupulous business practice or some practice that offends public policy." *Milford Paintball, LLC v. Wampus Milford Assocs., LLC*, 156 Conn. App. 750,

3

765 n.11 (2015). Piao's other examples of deceptive conduct are equally unpersuasive for the reasons laid out in the district court's exhaustive opinion. *See Piao v. Smith, Jennings Smith Investigations, Inc.*, Civ. No. 3:11CV1853 at 15-30 (Dec. 23, 2014).

A breach of contract absent any of the aggravating factors is insufficient to establish a CUTPA claim. *See Greene v. Orsini*, 50 Conn. Supp. 312, 315 (2007) (citations omitted); *see also Naples v. Keystone Bldg. & Dev. Corp.*, 295 Conn. 214, 228 (2010) (compiling cases for proposition that contractual breach does not rise to the level of a CUTPA violation absent proof of unethical, unscrupulous, willful or reckless conduct). Accordingly, we hold that the district court correctly decided as a matter of law that there was no CUTPA violation.

## CONCLUSION

We have considered all of appellant's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4